## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO $8/7·CV-226-T-17AEP$

Adversary Case No:  8-14-AP-00247-KRM

Bankruptcy Case Number 8:12-bk-15725

ERIC L. MOORE,

Petitioner,

v.

HONORABLE JUDGE RODNEY K. MAY,
BANKRUPTCY JUDGE MIDDLE DISTRICT OF FLORIDA

Respondent

## PETITION FOR WRIT OF PROHIBITION

**Eric Lyndell Moore**

Petitioner, Pro Se
202 Island Avenue
San Diego, CA 92101
Telephone (336)671-2193
Facsimile: (619) 923-1020
Email: elmoore75@aol.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES……………......…………………………………......

STATEMENT OF THE CASE AND FACTS………..……………………….......

NATURE OF RELIEF SOUGHT…...………………………………………....7

BASIS FOR INVOKING JURISDICTION OF THE COURT...………..………....8

SUMMARY OF ARGUMENT…………...……………………………….......9

STANDARD OF REVIEW…………..………………………………….....10

ARGUMENT ……………………...…………………………………………

   I.   A WRIT OF PROHIBITION SHOULD BE ENTERED BECAUSE THE COURT LACKS JURISDICTION AND CONSTITUTIONAL AUTHORITY.........

   II.   A WRIT OF MANDAMUS SHOULD ISSUE BECAUSE THE COURT REFUSED TO RULE ON THE DEFENDANTS MOTION TO DISMISS..

   III.  A WRIT OF PROHIBITION SHOULD BE ENTERED BECAUSE THE COURT LACKS JURISDICITION TO RULE OUTSIDE OF THE PLEADINGS......

   IV.  A WRIT OF PROHIBITION SHOULD ISSUE BECAUSE THE PROBATE COURT LACKS JURISDICITION TO PREVENT THE WESTPORT PROBATE COURT  FROM REOPENING THE ESTATE...........................

CONCLUSION…………..……………………………………………..

CERTIFICATE OF SERVICE…………...……………………………..

CERTIFICATE OF COMPLIANCE WITH FONT STANDARD……..…………...

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Stern v Marshall*, 131 S. CT. 2594, 2620 (2011)............................................................4

Bennett V. Continental Chemicals, Inc., 492 So. 2D 724 (Fla. 1St DCA 1986)........ 3,7

Cioffe v. Morris, 676 F. 2d 539, 549 (11th Cir. 1982)....................................................3

Precision Constructors, Inc. V. Valtec Constr. Corp., 825 So. 2D 1062 (Fla. 3D DCA 2002).............................................................................................................................4

Gilmere V. City of Atlanta, 864 F. 2d 734, 737 (11th Cir 1989)......................................4

Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach 833 F.2d 1484, 1487 (11th Cir 1987)...............................................................................................................................4

University of South Alabama v. The American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999)...............................................................................................................6

Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994))...................................................6

Ortiz v. Fiberboard Corp., 527 U.S. 815, 831 (1999)........................................................6

Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 88-89 (1998).....................7

D' Angelo V. Fitzmaurice, 863 So, 2d 311, 314 (Fla. 2003)..............................................8

Barco v School Bd. Of Pinellas Cnty., 975 So. 2D 1116, 1121(FLa. 2008).....................8

Samuel v King Motor co. of Fort Lauderdale, 782, So. 2D 489, 495 (Fla. 4Th DCA 2001)...............................................................................................................................8

Mortage Electronic Registration v. Azize, 965 So. 2D 151, 153 (Fla. 2D DCA (2007)...8

English v. McCrary, 348 So. 2D 293 (Fla. 1977)............................................................9

City of Sanibel v. Maxwell, 925 So. 2d 486, 487 (Fla. 2d DCA 2006)............................9

Peltz v. District Court of Appeal, Third Dist., 605 So. 2d 865 (Fla. 1992)......................9

Sanders v. Laird, 865 So. 2d 649 (Fla. 2d DCA 2004)......................................................9

City of Palm Bay v. Palm Bay Greens, LLC, 969 So. 2d 1187 (Fla. 5th DCA 2007).....10

Markin v. Markin, 877 So. 2d 785 (Fla. 4th DCA 2004)..................................................10

Sragowicz v. Sragowicz, 603 So. 2d 1323 (Fla. 3d DCA 1992).......................................10

Aviateca, S.A. v. Friedman, 678 So. 2d 387 (Fla. 3d DCA 1996)....................................10

Tsokos v. Sunset Cove Investments, Inc., 936 So. 2D 667  (Fla. 2d DCA  2006.............10

City of Sanibel v. Maxwell, 925 So. 2D 486 (Fla. 2d DCA  2006)...................................10

Agency for Persons with Disabilities v. F.G., 917 So. 2D 887 (Fla. 3d DCA 2005).......10

Fine v. Fine so. 2D 1254,1255 (Fla. 5Th DCA 1981)......................................................13

Marshall v Marshall 547 US 293 (2006).........................................................................13

Carver v. Carver, 954 F. 2d 1573 (11th Cir 1992)...........................................................16

In re Dimartino, 144 B.R.225,226 (Bankr. D.R.I.I.1992)...............................................16

In re Ranch House of Orange-Brevard, Inc. 773 F. 2d 1166, 1168 (11th Cir 1985)......16

Solutec Corp v Young & Lawrence Assocs., Inc., *243 So. 2D 605,606 (Fla. 4Th DCA 1971)*..............................................................................................................................16

## Rules

Fla. R. Civ. P. Rule 1.440 (a)

Fed. R. Civ. P. 15(b), Florida Rules of Civ Procedure 9.100, Fla Staute 57.105(4)

## STATEMENT OF THE CASE AND FACTS

This Petition arises from events that occurred in the case of <u>Edwards V Moore</u> , Case No. 8:14-ap-247-KRM. This case is on remand in the bankruptcy court before the Honorable Rodney K. May. The instant litigation was brought on or about March 14, 2014. **Objection to Claim Nos. 14,15,16 and 18 of Eric L. Moore and Complaint for Damages and Equitable disallowance of claims (Doc 1)** The complaint has only two counts[1] Count I-Fraud in the Inducement and Count II-unjust enrichment)

The complaint alleged that Ms. Edwards was fraudulently induced by Mr. Moore's alleged failure to to disclose his prior criminal charge and therefore his contract was void and therefore his claims filed related to the contract should also be voided.

In response to this frivolous[2] suit Mr. Moore timely moved to file a **Motion to Dismiss Counts I, II, and III. (Doc 21)** Mr. Moore pled that he had no legal duty to disclose a prior criminal charge because it was public record, he also attached various national news articles reporting his wrongful conviction in 1997.

Mr. Moore pled that the claim was barred because the plaintiff had an adequate remedy at law, but at the request of debtors counsel, the court *refused* to hear the motion to dismiss *prior* to trial, this clearly violated Fla. Civ Pr. 1.440 and then the court entered final judgment on unpled claims and never addressed the issues raised in the motion to dismiss, or the pled fraud claim, this is a clear violation of due process.

---

[1]    There was a third count asking that the claim(s) be disallowed on an equitable basis but it was denied as mute

[2]    The complaint was frivolous for a number of reasons including but not limited to the bankruptcy court lacked jurisdiction, and Constitutional Authority because none of the claims *arose out of the bankruptcy* and failing to disclose a prior criminal charge when there is no legal duty to do so is not fraud in the inducement as a matter of law.

The Memorandum of decision (Doc 76) is twenty six pages but makes no mention of the issues raised[3] in the motion to dismiss, this is clearly intentional. The debtor knew the complaint stated no cause of action and that the court had no constitutional authority to hear pre-pettion claims that did not arise out of the bankruptcy. (see Doc 137)

Regardless, the court lacks Constitutional authority and is in violation of Rule 1.440, it entered a final judgment of $45,000 against Mr. Moore and disallowed all his claims based on *three* unpled[4] allegations (1) *Mr. Moore provided no compensable services under the agreement* (2) *A fraudulent statement that he could recover $500,000 or more in 14 days* (3) *He had an undisclosed interest in the MRCI v JSM lawsuit.*

As confirmed by the District Courts Order, the bankruptcy court failed to rule on the only fraud claim alleged in the complaint, essentially there is no ruling on the only pled claim and the motion to dismiss is still pending. The court has refused[5] to rule on the Motion to dismiss, and the only fraud claim alleged. As of this filing January 27, 2017 the issues raised in the May 2014 motion to dismiss, Motion to reconsider, and response to motion for final judgment have not been adjudicated. (See Docs 118, 124, 137)

The court should be prohibited from exceeding it's authority again by issuing an order that Mr. Moore has violated the Automatic stay, by seeking access to public records at a probate court. hence I have the filed this Writ of Prohibition and Mandamus.

---

[3]  This is confirmed by Judge Whittemore's ruling See Appendix

[4]  A directed verdict is required if the unpled claim was "*not presented in the pleadings and not tried with the express or implied consent of parties*" Cioffe v. Morris, 676 F. 2d 539, 549 (11th Cir. 1982). this claim was not tried by consent.

[5]  See Doc 77 in the Appendix the order reads " The court reserved ruling on the motion to dismiss and motion for summary judgment pending trial

Furthermore  the case was not "at issue" and the case was tried while the Motion to Dismiss was still pending. See Bennett v. Continental Chemicals,Inc., 492 So. 2D 724 (Fla. 1st DCA 1986); Precision Constructors, Inc. v. Valtec Constr. Corp., 825 So. 2D 1062 (Fla. 3D DCA 2002) (*Failure to adhere strictly to the mandates of rule 1.440 is reversible error. Accordingly, the judgment is vacated and the cause is remanded for new trial.*") The District Court in error, affirmed the disallowance of all Moore's claims on an unpled allegation alleging Mr. Moore *"didn't provide compensable services"*  this is a clear violation of due process, because Mr. Moore had no opportunity challenge the unpled allegation in his motion to dismiss, or at trial.

The Bankruptcy court can not sustain the objections to Moore's claims on the unpled claim of *"not providing compensable services"* after the agreement was rejected and therefore Mr. Moore was excused from performance. (See Doc 146 Appendix)

Furthermore, Pursuant to Rule 15(b) which also applies in adversary proceedings, an issue not raised by the pleadings may be tried by the parties' express or implied consent. Fed. R. Civ. P. 15(b) However, "[a] party cannot be said to have implicitly consented to a trial of an issue not presented by the pleadings unless that party should have recognized that the issue had entered the case at trial." *Gilmere v. City of Atlanta,* 864 F. 2d 734, 737 (11th Cir 1989) (internal quotation marks omitted).  Accordingly the allegation that Moore provided not compensable services was not tried by express of implied consent[6].

---

[6]  See Wesco Mfg., Inc. v Tropical Attractions of Palm Beach, Inc., 833 F.2d 1484, 1487 (11th Cir. 1987)

## NATURE OF RELIEF SOUGHT

The Petitioner seeks to have an order entered prohibiting the bankruptcy judge from:

(a) Entering a final judgment disallowing Moore's pre-pettion claim(s) based on the any unpled allegations including claims the petitioner did not provide compensable services

(b) Denying the motion to reconsider the rejection damages claim without a trial in violation of the courts prior Bifurcation order[7]

(c) Entering Final judgment on state law claims in light of *Stern v Marshall*

(d) From violating the Probate Exception, Freedom of information Act, entering judgment for sanctions without complying with the mandatory 21 day procedural requirement

## PETTITION FOR MANDAMUS

The petitioner also seeks a writ of mandamus ordering the court to;

(a) Issue a ruling on the motion to reconsider the motion to dismiss and response to motion for final judgment (b) dismiss the complaint for lack of jurisdiction and Constitutional authority because it is not an Article III court.

## BASIS FOR INVOKING JURISDICTION OF THE COURT

This Court has jurisdiction over the original proceeding of prohibition pursuant to Article 5, §4(b)(3) of the Florida Constitution and Rules 9.030(b)(3) and 9.100(e) of the Florida Rules of Appellate Procedure.

---

[7] The bifurcation order clearly said that all issues of damages would not be heard at the trial (doc 17)

## SUMMARY OF ARGUMENT

A writ of prohibition barring Judge Rodney K. May from issuing any further orders or judgments in the instant litigation is proper because the trial court lacks jurisdiction, constitutional authority in several matters concerning the petitioner, has inserted unpled claims and violated the due process of the petitioner by not addressing the motion to dismiss prior to trial in violation of rule Fla. Civ. Pr. 1.440.

The District court remanded the case for adjudication of the issues raised in the motion to dismiss, the trial court is without any further jurisdiction or authority to deny Moore's claim(s) or reconsideration of his claims until the Motion to Dismiss and the courts constitutional authority have been decided. In fact the court must deal with it's own jurisdiction before dealing with the merits[8].

The writ of prohibition, which should be utilized so as to prevent a lower tribunal from overstepping its jurisdictional grounds, or exceeding it's jurisdiction.

A writ of prohibition is nevertheless proper because equity principles demand that trial courts cannot *(a) Violate Fla. Civ Pr. Rule 1.440, (b) Enter Judgment against the petitioner based on unpled allegations[9]. (c)* To defer ruling on a Motion to dismiss while knowing the court never had constitutional authority to hear the case in the first place.

---

[8] Federal district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." University of South Alabama v. The American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. Ortiz v. Fiberboard Corp., 527 U.S. 815, 831 (1999) (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 88-89 (1998)).

[9] A judgment based on unpled allegations is void see Fine v Fine 400 So.2d 1254,1255(Fla. 5Th DCA 1981)

## STANDARD OF REVIEW

As the issue presented by the Petitioners is a pure question of law, the instant case is subject to the *de novo* standard of review.  *See* D'Angelo v. Fitzmaurice, 863 So. 2d 311, 314 (Fla. 2003) (providing that "[t]he standard of review for…pure questions of law…is *de novo*.") "

Appellate court courts apply a *de novo* standard of review when the construction of a procedural rule...... is at issue." *Barco v School Bd. Of Pinellas Cnty.*, 975 So. 2d 1116, 1121(Fla. 2008) Since the first issues deals with the construction of Fla. R. Civ. P. 1.440, the standard of review should be *de novo*

"Likewise, a trial court's decision on a motion to dismiss is reviewed  *de novo. See e.g. Samuels v King Motor Co. of Fort Lauderdale, 782 So. 2D 489, 495 (*Fla. 4Th DCA 2001); *Mortgage Electronic Registration v. Azize,* 965 So. 2D 151, 153 (Fla. 2d. DCA 2007)

Because the case is not at issue, any judgment resulting from the improperly-set trial would be void for due process. *Bennett v. Continental Chemicals, Inc.,* 492 So. 2d. 724 (Fla. 1St DCA 1984). Reversing notice judgment entered where case was tried on notice that violated Rule 1.440). Strict compliance with Rule 1.440 is mandatory .*Id* Therefore the other issue presented regarding a trial courts denial of Moore's motion to dismiss pending trial should be reviewed *de novo*. The courts lack of jurisdiction and constitutional authority is also reviewed *de novo*.

## ARGUMENT

## I.  A WRIT OF PROHIBITION SHOULD BE ENTERED BECAUSE THE TRIAL COURT LACKS JURISDICTION AND CONSTITUTIONAL AUTHORITY

A writ of prohibition is proper in this case because the trial court lacks jurisdiction to take any further action or issue any further orders, such as an order for sanctions or violation of the automatic stay for requesting a copy of public probate records.

Prohibition is utilized by "a superior court, having appellate and supervisory jurisdiction over an inferior court or tribunal possessing judicial or quasi-judicial power, [to] prevent such inferior court or tribunal from exceeding jurisdiction or usurping jurisdiction over matters not within its jurisdiction." English v. McCray, 348 So.2d 293 (Fla. 1977).  Prohibition is a preventive, as opposed to corrective, remedy in that it may only be invoked to forestall an improper action which has not yet occurred. City of Sanibel v. Maxwell, 925 So. 2d 486, 487 (Fla. 2d DCA 2006) (providing that prohibition "is preventive and not corrective in that it commands the one to whom it is directed not to do the thing the supervisory court is informed the lower tribunal is about to do" (quoting English, 348 So. 2d at 296-97)).

Prohibition may be employed to prevent a lower tribunal from acting without jurisdiction or in excess[10] of its jurisdiction.  *See e.g.* Peltz v. District Court of Appeal, Third Dist., 605 So. 2d 865 (Fla. 1992); Sanders v. Laird, 865 So. 2d 649 (Fla. 2d DCA

---

[10]   In this case the District Court has remanded the case for a determination of the courts jurisdiction and constitutional authority, affirmed the judgment on the unpled claims while also remanding the case to deal with the pending motion to dismiss, the lower courts judgment is void due to violation of due process. see Bennett v. Continental Chemicals,Inc., 492 So. 2D 724 (Fla. 1st DCA 1986)

2004); Sragowicz v. Sragowicz, 603 So. 2d 1323 (Fla. 3d DCA 1992); Markin v. Markin, 877 So. 2d 785 (Fla. 4th DCA 2004); City of Palm Bay v. Palm Bay Greens, LLC, 969 So. 2d 1187 (Fla. 5th DCA 2007).  Moreover, prohibition is a proper vehicle through which to challenge the subject-matter jurisdiction of the lower court.  Aviateca, S.A. v. Friedman, 678 So. 2d 387 (Fla. 3d DCA 1996). The issuance of a writ of prohibition, therefore, prevents the resulting harm which would be realized if a lower tribunal issues a final order without retaining jurisdiction over the case.

Most importantly to this case, prohibition is also an appropriate remedy where a trial court does not have jurisdiction once it has made a ruling or finding which precludes it from entering any further orders.  *See* Tsokos v. Sunset Cove Investments, Inc., 936 So. 2D 667  (Fla. 2d DCA  2006) (prohibition granted to prevent trial judge from finding non-parties to be in civil contempt of a judgment approving a settlement agreement because the final judgment did not expressly prohibit a third party from purchasing the property after the closing date incorporated into the final judgment); City of Sanibel v. Maxwell, 925 So. 2D 486 (Fla. 2d DCA  2006)(writ of prohibition granted because trial court was without jurisdiction to grant motion for leave to amend as it was filed more than thirty days after dismissal which marked an end to the judicial labor in the case;  Agency for Persons with Disabilities v. F.G., 917 So. 2D 887 (Fla. 3d DCA 2005) (writ of prohibition granted as trial court lacks constitutional or statutory jurisdiction to order the officers of the Agency for Persons with Disabilities to appear)[11]

---

[11]    A Writ should issue because the lower court has no authority to issue final judgment pursuant to Stern V Marshall.

**ARGUMENT**

## II. A WRIT OF MANDAMUS SHOULD BE ENTERED BECAUSE THE TRIAL COURT HAS YET TO ADDRESS THE ISSUES RAISED IN THE MOTION TO DISMISS IN VIOLATION OF FED. CIV. P. 1.440

The Memorandum of decision (Doc 76) is some twenty six pages but makes no mention of the issues raised[12] in the motion to dismiss.

As confirmed by the District Courts Order, the bankruptcy court failed to rule on the only fraud claim alleged, it also didn't address the issues raised in Motion to dismiss[13], In fact there is no mention of the Motion to Dismiss in the courts Memorandum of Decision (Doc 76) or in it's January 8, 2015 oral ruling, it is as if the motion to dismiss did not exist. Unfortunately this pattern would continue for more than 18 Months, and as of this filing the issues raised in the May 2014 motion to dismiss have not been addressed, or adjudicated hence the filing of this Writ of Prohibition and Mandamus.

On January 29, 2015 The Bankruptcy court entered a ruling in a Memorandum of decision against Mr. Moore disallowing all his claims based on _three_ unpled[14] allegations (1) *Mr. Moore provided no compensable services under the agreement* (2) *A fraudulent statement that he could recover $500,000 or more in 14 days* (3) *He had an undisclosed interest in the MRCI v JSM lawsuit.*

On Appeal, the US District Court remanded the case, to address the motion to dismiss they only fraud claim pled and the Stern V Marshall issues.

---

[12]    This is confirmed by Judge Whittemore's ruling
[13]    See the judge Whittemore's ruling page 7 and 14
[14]    Two of the unpled allegations were unpled fraud allegations but they were reversed on appeal

In fact the complaint did not state a cause of action. Furthermore the case is not "at issue" and the court can't deny Mr. Moore's claims because the Motion to Dismiss is still pending. See Bennett v. Continental Chemicals,Inc., 492 So. 2D 724 (Fla. 1st DCA 1986); Precision Constructors, Inc, v. Valtec Constr. Corp., 825 So. 2D 1062 (Fla. 3D DCA 2002) (*Failure to adhere strictly to the mandates of rule 1.440 is reversible error. Accordingly, the judgment is vacated and the cause is remanded for new trial.*") The District Court in error, affirmed the disallowance of all Moore's claims although the remand order confirmed the issues raised in the Motion to Dismiss are still "*unresolved*", furthermore the bankruptcy court has yet to determine they had Jurisdiction or authority to finally adjudicate state-law claims.

Mr. Moore filed a *Motion to reconsider the Motion to Dismiss* (Doc 118) and Amended Motion for reconsideration of the Motion to dismiss (Doc 124) and a Response *to the debtors motion for final judgment* (Doc 137) and even a *Motion to expedite the motion to reconsider the motion to dismiss* (Doc 145) Since a hearing on August 8th 2016 the court has said it would issue a ruling within 30 days, but the court has yet to issue a ruling and therefore the Motion to Dismiss has been pending for more than 30 months[15]. The Court can not issue any further orders on the merits until it deal with it's own jurisdiction. Therefore, a writ of mandamus should issue ordering the lower court to issue a ruling on the motion to reconsider the motion to dismiss and a determination of the courts authority to issue judgment in light of Fed. Civ. Pr. 1.440

---

[15] The original motion to dismiss was filed in May 2014 the motion to reconsider and responses are in the appendix.

**ARGUMENT**

## III. A WRIT OF PROHIBITION SHOULD BE ENTERED BECAUSE THE TRIAL COURT LACKS JURISDICTION TO RULE OUTSIDE OF PLEADINGS

Because the Motion to dismiss is still pending the case is not at issue therefore the courts judgment against Mr. Moore is in violation of Fed. Civ. Pr. 1.440 and a violation of Mr. Moore's due process.

The Bankruptcy court can not sustain the objections to Moore's claims on the unpled alternative allegation of *"not providing compensable services"* Firstly, because Mr. Moore was excused from providing further consulting services after the agreement was rejected (See Doc 146) The Bifurcation order clearly established that the trial was about the validity of Mr. Moore's claims, all issues of damages were bifurcated.

The court lacked jurisdiction to rule on the rejection *damages* claim. (Doc 17) A Judgment outside of the pleadings is void, see *Fine v. Fine* so. 2D 1254,1255 (Fla. 5Th DCA 1981) Furthermore, Pursuant to Rule 15(b) which also applies in adversary proceedings, an issue not raised by the pleadings may be tried by the parties' express or implied consent. Fed. R. Civ. P. 15(b) However, "[a] party cannot be said to have implicitly consented to a trial of an issue not presented by the pleadings unless that party should have recognized that the issue had entered the case at trial." *Gilmere v. City of Atlanta*, 864 F. 2d 734, 737 (11th Cir 1989) Accordingly the allegation that Moore provided no compensable services was not tried by consent[16].

---

[16] See Wesco Mfg., Inc. v Tropical Attractions of Palm Beach, Inc., 833 F.2d 1484, 1487 (11th Cir. 1987)

## ARGUMENT

## IV. A WRIT OF PROHIBITION SHOULD BE ENTERED BECAUSE THE COURT LACKS JURISDICTION TO PREVENT THE WESTPORT PROBATE COURT FROM REOPENING THE ESTATE OF THE DEBTORS DECEASED HUSBAND TO CONFIRM A PRIOR RULING AND INVESTIGATE FRAUD

On or about December 9, 2016 Mr. Moore filed a Motion to reopen the Estate of Bernard Edwards for Fraud and a declaration confirming the court approval of various documents of which the debtor signed in 1997, including a document entitled "Settlement Agreement" and another document entitled "Co-publishing document" (See Appendix)

In response to this request the Debtor has filed a motion (Doc 792) alleging that Mr. Moore has violated the Automatic stay by requesting clarification of the probate courts affidavit[17]. In Doc 792 page 4 paragraph 13 the debtor asserts;

" *For the reasons set forth herein, the Motions to Reopen and Moore response constitute acts to exercise control over property of the Debtors estate in violation of Section 362(a) (3) of the bankruptcy code"*

The debtor is alleging that Mr. Moore is attempting to exercise control of the debtors property, section 362(a) reads: *"any act to obtain possession of property of the estate or of or of property from the estate or to exercise control over property of the estate"*

---

[17]   One of the reasons this remedy is being sought is that the lower court refused to take mandatory judicial notice of certified copies of the July 9, 1997 stipulated agreement without stipulating that " Judicial notice is not appropriate for confirming Moore's argument that said order approved only the July 9, 1997 agreement to the exclusion of all other documents (see Doc 10 in the Appendix page 2-3)

It is not in dispute that the debtor is the deceased widow of Bernard Edwards, and therefore was a beneficiary of the *Estate of Bernard Edwards,* However, any property found or recovered by the Westport Probate Court belongs to the *Estate of Bernard Edwards*, not the debtor. Therefore, there can be no violation of the Automatic stay even if Mr. Moore had asserted a claim against the Estate of Bernard Edwards.

Furthermore, the bankruptcy court recently determined the debtor was due nothing from the *Estate of Bernard Edwards* (see Doc 270 Appendix) Therefore, bankruptcy court should be prohibited from entering an order that Mr. Moore has violated the automatic stay by seeking possession of the debtors property.

However, if the Probate court determines that Ms. Edwards, and/or other beneficiaries or the I.R.S. are due money or property never transferred to them in 1997, the bankruptcy court is barred from interfering with the Probate Courts fraud investigation, or collection efforts (if any) due to the Probate exception to Federal Court Jurisdiction.[18] Also, the court should issue this Writ because the letter informing Mr. Moore to withdraw his Motion in Connecticut was dated January 22, 2017, the Motion for sanctions was filed less than two days later, which is far from the 21 day requirement, this is proof the debtor has failed to comply with mandatory procedural requirements of rull 9011, and Fla. Statute 57.105(4) having failed to follow this requirement, the Writ should issue for this reason as well as others stated above.

---

[18] The probate exception bars federal courts from adjudicating claims that involve " Questions which would ordinarly be decided by a probate court in determining the validity of the decendants estate planning instrument Marshall v Marshall 547 U.S. 293 (2006) Furthermore, under the freedom of information act anyone can get access to public probate court record even if a beneficary is in bankruptcy at the time, in this case no claim is being asserted against the debtor

*In re Thurman Construction Inc.*, 189 B.R. 1004, 106-1017 the bankruptcy court for the Middle District of Florida concluded that, in a case where it had jurisdiction to adjudicate issues arising under Title 11, the specialized laws of the probate court should be utilized to determine whether a creditor had a claim[19] arising in connection with a probate estate. In reaching this conclusion, the court cited *Carver v. Carver*, 954 F. 2d 1573 (11th Cir 1992) in which the Eleventh Circuit stated that is is inappropriate for Bankruptcy Courts to adjudicate issues better suited for specialized state courts, such as family issues that should be decided under state law....This idea has been extended to prevent Bankruptcy Courts from deciding issues which should be decided by a state probate court. 189 B.R. At 1016-1017 "Probate law, like family law is specialized area of practice in which those special courts have developed substantial expertise, and as such are entitled to deference in litigation involving these issues" *In re Dimartino*, 144 B.R.225,226 (Bankr. D.R.I.1992)

The Connecticut probate court is in the best position to confirm if the July 30, 1997 document and Co-pub document were approved by the order approving the July 9, 1997 stipulated Agreement, Furthermore, The Eleventh Circuit has held that the best court to interpret an order is the court issuing the order. *Ranch House of Orange-Brevard, Inc. v Gluckstern* (*In re Ranch House of Orange-Brevard, Inc.* 773 F. 2d 1166, 1168 (11th Cir 1985) (The court issuing the order in a case over which it presided is in the best position to clarify any apparent inconsistencies in the courts rulings.")

---

[19] If Mr.Moore has a claim against the Estate of Bernard Edwards the bankruptcy court has no jursidiction over it.

## CONCLUSION

This writ of prohibition should be granted and the Writ of Mandamus should be issued because District Court determined that the issues raised in the motion to Dismiss were *"unresolved"* and *"unaddressed"* this is a clear violation of Fla. Civ. Rule 1.440 and therefore the corresponding judgment is void. (See Doc 31) Page 7, 13-14 (Appendix) The court has refused to rule on the Motion to reconsider

Furthermore the court never had constitutional authority to hear the prepettion claims in the first place because it is not an Article III court, therefore the lower court should be ordered to dismiss the complaint with prejudice per the motion filed by the petitioner.

The court has put its thumb on the scale and decided to assure that the Mr. Moore does not prevail regardless of the facts or evidence, so when the debtor files a complaint that states no cause of action the court simply refuses to rule on the motion to dismiss or the frivolous claim pled by. The court adds insult to injury by adding unpled claims and creating testimony of witnesses that never appeared at trial, this and other actions are a gross miscarriage of justice, violation of due process. Mr. Moore is seeking a declaration concerning the authenticity of various agreements allegedly approved by a Westport Probate Court order, this is clearly not a violation of the automatic stay, and the court will be exceeding it's jurisdiction and authority if it issues an order that Mr. Moore has violated the automatic stay. Therefore the court should issue this writ of prohibition.

Respectfully submitted,

ERIC LYNDELL MOORE
elmoore75@aol.com
202 Island Avenue San Diego, CA 92101
(336) 671-2193
*Appellant, pro se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been submitted via Process Server to the Bankruptcy Court, District Court Tampa Division per the rules and procedures of that Court, and further certify that a true and correct copy of the foregoing was furnished by E-Mail and/or U.S. Mail to: Bush Ross P.A P.O. Box 3913 Tampa, Florida 33601-3913 on this 27 day of January 2017.

Eric Lyndell Moore

## CERTIFICATE OF FONT COMPLIANCE

I HEREBY CERTIFY that the font used in this brief is the Times New Roman 14-point font and that the brief complies with the font requirements of Rule 9.210(a) (2), Florida Rules of Appellate Procedure.

Eric Lyndell Moore

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day of January 27, 2017 a true and correct copy

of this Pettion for Writ of Prohibition and Mandamus was provided by process server, E-

Mail and/or US mail to the following:

**David S Jennis**
Jennis & Bowen PL
400 North Ashley Drive
Suite 2540
Tampa, FL 33602
(813) 229-1700
Fax : (813) 229-1707
Email:
ecf@jennisbowen.com

**Kathleen L DiSanto**
Jennis & Bowen
400 North Ashley Drive
Suite 2540
Tampa, FL 33602
(813) 229-1700
Fax : 813-229-1707
Email:ecf@jennisbowen.com

**Bryan D. Hull**
Bush Ross P.A.
Post Office Box 3913
Tampa, FL 33601-3913
813-224-9255
Fax : 813-223-9620
Email:bhull@bushross.com

**Jeffrey W. Warren**
Bush Ross, P.A.
Post Office Box 3913
Tampa, FL 33601-3913
813-224-9255
Fax : 813-223-9620
Email:jwarren@bushross.com

**The Honorable Judge Rodney K. May**
United States Courthouse
Ninth Floor
801 North Florida Ave
Tampa, FL 33602
(813) 301-5118
Fax: (813) 301-5203